## TERRELL ET AL. *v.* ALLISON.

1. A writ of assistance is an appropriate process to issue from a court of equity to place a purchaser of mortgaged premises under its decree in possession after he has received the commissioner's or master's deed, as against parties who are bound by the decree and who refuse to surrender possession pursuant to its direction or other order of the court.

2. The owner of property mortgaged at the time suit is brought for the foreclosure of the mortgage, or the sale of the mortgaged premises, whether he be the original mortgagor or his successor in interest, is an indispensable party to the suit. A decree without his being made a party will not bind him, or parties claiming under him, although the latter may have acquired their interests after suit commenced; and a purchaser of the property at a sale under the decree is not entitled to a writ of assistance to obtain possession of the premises as against him or them.

APPEAL from the Circuit Court for the Southern District of Mississippi, from a decree awarding a writ of assistance to put the purchaser in possession of mortgaged property sold under a decree of the court, and to remove the appellants from the premises.

The case arose in this wise:

In April, 1866, one Vaugh A. Hilburn, a resident of Mississippi, executed to Hugh Allison and others a mortgage upon certain real property situated in that State, to secure the payment of his promissory note of the same date for $12,000, payable in March of the following year. In April, 1867, the mortgagor sold and conveyed the premises for a valuable consideration to one Eliza Kyle, and placed her at the time in possession. In May, 1871, Mrs. Kyle sold and conveyed the property upon like consideration to one Terrell, and he afterwards transferred a part of his interest to his brother, and they were the parties whose removal the decree directed.

In April, 1868, the mortgagees instituted suit in the Circuit Court of the United States for the District of Mississippi to foreclose the mortgage, or, more accurately speaking, to obtain a decree for the sale of the mortgaged premises, and

the application of the proceeds of the sale to the payment of the amount which might be found due to them on the note secured. In this suit Hilburn and his wife, who had joined with him in the execution of the mortgage, were alone made parties. The case proceeded to a final decree, confirming a master's report, finding that $2400 were due the mortgagees, and directing its payment within a designated period, or, in default of such payment, that the premises be sold by a commissioner appointed for that purpose, at auction, to the highest bidder; that a deed be executed to the purchaser, and that he be placed in possession of the premises. The payment directed not being made, the premises were sold by the commissioner and purchased by Hugh Allison, one of the mortgagees; the sale was confirmed and a deed executed by the commissioner to the purchaser. The two Terrells then in possession refused to surrender the premises to the purchaser, and he thereupon applied by petition to the court for a writ of assistance to be issued to the marshal to place him in possession. The court granted the writ, directing the officer to go upon the land and eject the Terrells and place the purchaser in possession. Subsequently this writ was revoked and an order was made that the Terrells show cause why the writ should not issue on the petition filed. In response to this order the Terrells set up the sale and conveyance of the premises to Mrs. Kyle by the mortgagor and his placing her in possession before suit commenced, and the subsequent purchase by them from her, producing at the same time the conveyance from the mortgagor to her, and from her to one of them. And they insisted that Mrs. Kyle was a necessary party to the foreclosure suit, and that the decree directing the sale of the premises was void as to her and as to them as purchasers under her. No replication to the answer was made, nor does it appear from the record that any question was raised as to the correctness of its statements. The court, it would seem, considered the facts disclosed insufficient, for it dismissed the answer and made a decree that an alias writ of assistance issue. From this decree the appeal was taken.

*Messrs. P. Phillips, Nugent, and Yerger, for the appellants. No opposing counsel.*

Mr. Justice FIELD, after stating the case, delivered the opinion of the court, as follows:

A writ of assistance is undoubtedly an appropriate process to issue from a court of equity to place a purchaser of mortgaged premises under its decree in possession after he has received the commissioner's or master's deed, as against parties who are bound by the decree and who refuse to surrender possession pursuant to its direction or other order of the court. The power to issue the writ results from the principle, that the jurisdiction of the court to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties, and to subject to sale the property mortgaged. It is a rule of that court to do complete justice when that is practicable, not merely by declaring the right, but by affording a remedy for its enjoyment. It does not turn the party to another forum to enforce a right which it has itself established. When, therefore, it decrees the sale of property it perfects the transaction by giving with the deed possession to the purchaser. "If it was to be understood," says Chancellor Kent, "that after a decree and sale of mortgaged premises the mortgagor or other party to the suit, or perhaps those who have been let into the possession by the mortgagor *pendente lite*, could withhold the possession in defiance of the authority of this court and compel the purchaser to resort to a court of law, I apprehend that the delay and expense and inconvenience of such a course of proceeding would greatly impair the value and diminish the results of sales under a decree."[*]

But the writ of assistance can only issue against parties bound by the decree, which is only saying that the execution cannot exceed the decree which it enforces. And that the owner of the property mortgaged, which is directed to

---

[*] Kershaw v. Thompson, 4 Johnson's Chancery, 609; see also Montgomery v. Tutt, 11 California, 191.

be sold, can only be bound when he has had notice of the proceedings for its sale, if he acquired his interest previous to their institution, is too obvious to require either argument or authority. It is a rule old as the law that no man shall be condemned in his rights of property, as well as in his rights of person, without his day in court; that is, without being duly cited to answer respecting them, and being heard or having opportunity of being heard thereon.

Under the old theory of mortgages, when they were treated as conveyances, the property passed to the mortgagee upon condition that it should revert to the mortgagor if the obligation, for the security of which it was executed, was performed, otherwise that the mortgagee's interest should become absolute. The mortgage was in terms the conveyance of a conditional estate, which became absolute upon breach of the condition. But courts of equity at an early day, looking beyond the terms of the instrument to the real character of the transaction, as one of security and not of purchase, interfered and gave to the mortgagor a right to redeem the property from the forfeiture following the breach, upon discharge of the debt secured, or other obligation, within a reasonable period. With this equitable right of redemption in the mortgagor a corresponding right in the mortgagee to insist upon the discharge of the debt, or other obligation secured, within a reasonable time, or a relinquishment of the right to redeem, was recognized by those courts. The mortgagee could, therefore, bring his suit to foreclose the equity of redemption, unless the debt or other obligation was discharged within a reasonable time. To such a proceeding the holder of the equity of redemption was an essential party, for it was his right that was to be affected. His equity of redemption was regarded as the real and beneficial estate in the land; it was subject to transfer by him, and to seizure and sale on judicial process against him. If it were transferred to another, such other party stood in his shoes and was equally entitled to be heard before his right could be cut off. It was certainly possible for him to show that the mortgage was satisfied, or his liability

released, or that in some other way the suit could not be maintained. The holder of the equity of redemption was, therefore, an indispensable party to a valid foreclosure.

The old common-law doctrine of mortgages does not now generally prevail in the several States of the Union. In most of them the mortgage is not regarded as a conveyance, but is treated as a mere lien or incumbrance upon the property as security for the payment of a debt, or the performance of some other pecuniary obligation. But the owner of the property, whether the original mortgagor or his successor in interest, has the same right to be heard respecting the existence of the debt or other obligation alleged before the property can be sold, which at common law the owner of the equity of redemption had to be heard before the foreclosure of his equity could be decreed.*

Applying these views to the present case it is evident that the learned judge of the court below erred. Mrs. Kyle purchased the premises mortgaged before the institution of the suit for the sale of the property and was placed in their possession. She was, therefore, an indispensable party to that suit, and was not bound by the decree rendered in her absence. The two Terrells took, by their purchase, whatever rights she possessed; if she was not bound by the decree neither are they bound. They stand in her shoes and have all the rights and equities with respect to the property which she possessed. The writ of assistance could not be executed against her or against them claiming under her, her rights not having been affected by the decree. A writ of assistance can only issue against parties to the proceedings, and parties entering into possession under them after suit commenced, *pendente lite.*†

It is true that the two Terrells purchased the premises after suit brought for their sale, but not from a party to such suit, or from any one who had acquired his interest subsequent to its commencement. They do not come, therefore,

---

* See Goodenow v. Ewer, 16 California, 466, 467.

† Frelinghuysen v. Cowden, 4 Paige, 204; Van Hook v. Throckmorton, 8 Id. 33; Reed v. Marble, 10 Id. 409.

within the meaning of the rule which makes the decree bind parties purchasing *pendente lite.*

The decree awarding the writ must, therefore, be RE-VERSED, and the cause remanded to the court below with directions to

DISMISS THE PETITION OF THE PURCHASER.