[Civil No. 653.   Filed November 1, 1899.]

[59 Pac. 150.]

## P. P. DAGGS, Defendant and Appellant, v. JAMES WILSON, Plaintiff and Appellee.

1. MORTGAGES—FORECLOSURE—WRIT OF ASSISTANCE—PURCHASER WITHOUT NOTICE—KNOWLEDGE.—Where the purchaser at a foreclosure sale files an application for a writ of assistance against the lessee of one who had purchased pending the foreclosure proceedings, the lessee's claim that the lessor was a purchaser for value without notice, and that he, the lessee, had no notice of purchaser's claim, is not sustainable, where the lessor had knowledge of the suit prior to his purchase, and the lessee was present when the lessor made a tender for the redemption of the property.

2. SAME—REDEMPTION—TENDER—VALIDITY OF—TITLE 26, REV. STATS. ARIZ. (SECS. 19-23, ACT NO. 20, LAWS 1889), CONSTRUED.—Where the statute, *supra*, provides for redemption, only by "payment to the purchaser, or for him to the officer who made the sale," tender of the amount for which the property had been sold, to parties who were not authorized to receive the money or to act for the purchaser, does not constitute a valid and sufficient tender.

3. APPEAL AND ERROR—RECORD—PRESUMPTION OF REGULARITY AND CORRECTNESS OF PROCEEDINGS OF LOWER COURT.—It will be presumed where the record on appeal from an order granting a writ of assistance is imperfect in not containing all the evidence that the lower court acted correctly upon the evidence before it.

4. WRIT OF ASSISTANCE—WHEN PROPER—MORTGAGE — FORECLOSURE.— The holder of a sheriff's deed for real estate purchased under a decree of foreclosure of a mortgage and a sale of the mortgaged premises has a right to a writ of assistance to procure possession of the premises purchased, as against all persons who were parties to the foreclosure suit, and all who hold under authority given by such parties after the commencement of such suit.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge.   Affirmed.

The facts are stated in the opinion.

A. J. Daggs, and J. McAndrew, for Appellant.

In order to obtain a writ of assistance the proof must show that the party in possession is bound by the judgment.   No

party can be bound by a judgment in any case to which he was not a party. *Terrill* v. *Allison,* 88 U. S. 289.

An attorney who has charge of the foreclosure of a mortgage has a right to accept the redemption money, and a tender to him is good. *McLain* v. *Watkins,* 43 Ill. 24; *Erwin* v. *Blake,* 9 Pet. 18; *Smith* v. *Cunningham,* 59 Kan. 552, 53 Pac. 760.

Thomas Armstrong, Jr., for Appellee.

The parties against whom the writ runs are subsequent purchasers from and under the original mortgagor, and, as was said by the California court, "all that is requisite to obtain the writ as against the parties and those holding under them with notice after the commencement of the action, is to furnish the court proper evidence of a presentation of a deed to them and a demand of possession and their refusal to surrender it." *Montgomery* v. *Byers,* 21 Cal. 103, 107.

"The law is that whoever intermeddles with property in litigation does so at his peril, and is as conclusively bound by the result of the litigation as if he had been made a party from the outset." *Tilton* v. *Cofield,* 93 U. S. 163.

DOAN, J.—This is an appeal from a decree awarding a writ of assistance to put the purchaser in possession of mortgaged property sold under decree of foreclosure, taken by the lessee of a party who, pending the action for the foreclosure of the mortgage, purchased from one of the defendants therein the mortgaged premises. An appeal was taken to this court from the judgment and decree of foreclosure by the parties defendant. The decision of this court modifying the judgment and decree of the district court in the case of *Johns* v. *Wilson* will be found, *ante,* p. 125, 53 Pac. 583, where the facts in the case are quite fully set forth. It may be briefly stated here that on April 24, 1893, J. S. Armstrong mortgaged the land in question to James Wilson, the appellee herein, to secure a debt of six thousand four hundred dollars, being part of the purchase price of said land, and afterwards transferred said land, subject to the mortgage, to R. E. Daggs, who assumed the mortgage debt, and placed in possession one W. A. Daggs, as his tenant. On April 26, 1894, the appellee, Wilson, brought an action against the mortgagor, Armstrong, and

his grantee, Daggs, to foreclose the said mortgage, and on April 27, 1894, filed a *lis pendens,* describing the property, and designating therein Armstrong and Daggs as defendants. After the filing of said *lis pendens* a deed from R. E. Daggs to A. L. Johns was recorded, on April 28, bearing date of March 17, 1894. On May 8, 1894, judgment for the amount of the debt, and a decree of foreclosure, were rendered; and on May 12th thereafter, by an order of the court, the sheriff seized the mortgaged property, and on June 6, 1894, sold the same, at which sale the plaintiff bid in the land, and, after receiving the sheriff's deed, attempted to take possession thereof. There had been to this time no visible change of possession from that formerly held by W. A. Daggs as tenant of R. E. Daggs, but the appellee's demand for possession under the sheriff's deed was resisted by W. A. Daggs, who claimed to have ceased on April 1st to be the tenant of R. E. Daggs, and to have become on that date the tenant of A. L. Johns, and to hold possession at this time as the tenant of A. L. Johns under the deed above referred to; Johns claiming to be the owner of the property by purchase prior to the commencement of the action, and not having been made a party thereto. Thereafter, on the twenty-second day of June, 1895, the appellee brought a supplemental action of foreclosure, making R. E. Daggs, W. A. Daggs, A. J. Daggs, and A. L. Johns parties, and alleging that the conveyance to Johns was fraudulent and void, and asking to have the same so declared and canceled, and a resale of the premises made; and the court on December 21, 1896, again rendered judgment against the defendants for the debt, and decree of foreclosure against the property, in favor of the appellee, and adjudged the deed dated March 17th, from Daggs to Johns, to have been fraudulent and void, and ordered that it be canceled and set aside. A personal judgment was also rendered against Daggs and Johns for any deficiency that might remain after the sale of the mortgaged property. The case was taken on a writ of error to this court, where the judgment was modified by omitting therefrom the personal judgment against Johns, on the grounds that the validity of the decree, as rendered in the judgment of December 21st, setting aside the deed from Daggs to Johns as fraudulent and void, rendered erroneous the decree granting a personal judgment for

the mortgage debt, or any part thereof, against Johns, as the
grantee in such void deed; but this court affirmed the decree
of the lower court, wherein it was "adjudged and decreed
that the conveyance executed by R. E. Daggs to A. L. Johns,
dated March 17, 1894, and recorded April 24, 1894, is fraudu-
lent and void as against the appellee and against the aforesaid
mortgage." No *supersedeas* having been granted, a resale of
the premises was made under both this judgment of December
21, 1896, and the former judgment of May 8, 1894; and the
appellee again bid in the property, and received in due time
the sheriff's deed for the same. He was again met by refusal
to deliver possession,—this time by P. P. Daggs, a brother of
W. A. Daggs and R. E. Daggs, who claimed to be in possession
as the tenant of the London Company, a grantee under a con-
veyance from A. L. Johns, who claimed title through the deed
from Daggs, hereinbefore decreed to be fraudulent and void.
Wilson, the appellee herein, then moved the court for a writ
of assistance to put him in possession; setting forth the fore-
going facts, and referring to the judgment of the court in
both the foregoing causes. An order to show cause why such
writ should not issue was served on P. P. Daggs, the tenant
in possession. He filed in response thereto an affidavit alleg-
ing that, after the commencement of the aforesaid supple-
mental foreclosure suit, Johns had sold the land to the
London Company, and that he (Daggs) was in possession as
its tenant; also, that the London Company had, prior to the
expiration of the equity of redemption, tendered to the attor-
ney for the appellee and to one J. W. Evans, alleged to be an
agent of the appellee, the amount necessary to redeem the
premises from the second foreclosure sale. An affidavit of
R. E. Daggs was also filed, alleging such tender to Thomas
Armstrong, Jr., the attorney, and J. W. Evans, the agent,
and the accompanying demand for a certificate of redemption
by R. E. Daggs, as secretary of the London Company. Counter
affidavits were filed by appellee, Wilson, alleging that no
redemption had been tendered to him, or to any one for him,
to his knowledge, and that neither the said Armstrong nor
Evans had authority to accept redemption for him. On the
appearance and answer of P. P. Daggs to the order to show
cause, the aforesaid affidavits were presented and read, and
the matter heard in open court; and upon such hearing

the court ordered that, no sufficient cause being shown to the contrary, and it appearing to the court that P. P. Daggs, the person in possession of the premises, and the London Company, for whom he claimed to hold possession as tenant, were holding said premises under said defendants, and with notice of the rights of appellee, Wilson, "the writ of assistance do issue to put the said Wilson in possession of the premises." From this order an appeal was taken by P. P. Daggs, and numerous errors assigned, but the appellant seems to rely chiefly upon three propositions: First, that the order was against the evidence and admitted facts; second, that the London Company (lessor of P. P. Daggs) and P. P. Daggs were innocent purchasers for value, without notice of plaintiff's claim; third, that the right of Wilson had been extinguished by a tender of the full amount for which the property had been sold.

An examination of the evidence and the facts in the case fails to sustain the first proposition relied on, or to authorize a disturbance of the decision of the lower court on that point.

The second proposition, that the London Company was an innocent purchaser for value, without notice of plaintiff's claim, and lessor to P. P. Daggs, and that the said P. P. Daggs was an innocent lessee, without notice of plaintiff's claim, is not sustained by the facts, as put in evidence, or the pleadings, which proved to the satisfaction of the lower court, and appear to this court conclusive, that the London Company had actual knowledge of the foreclosure suit against Johns and the Daggs brothers prior to its purchase of the property; that R. E. Daggs, one of the defendants in the foreclosure suit, was the secretary of the London Company at the date of such purchase; and that P. P. Daggs, by his own testimony, became the lessee of the London Company, and entered as such upon possession of the property on November 10, 1897, about one month after he attended as witness the tender by R. E. Daggs, as secretary of the London Company, of the money for the redemption of this property from the sale under foreclosure against R. E. Daggs, A. L. Johns et al.

This brings us to the third proposition, that Wilson's right had been extinguished by a tender of the amount for which the property had been sold under foreclosure. The law pro-

vides (Rev. Stats., tit. 26 [secs. 19-23, Act No. 20, Laws 1889]) that "upon a sale of real property, including sales under order of court, in foreclosure, the property is subject to redemption . . . by the judgment debtor, or his successor in interest, . . . within six months after the sale, on paying the purchaser the amount of his purchase, . . . and if the purchaser be also a creditor, having a prior lien, . . . the amount of such lien with interest. . . . If the debtor redeem, the effect of the sale is terminated and he is restored to his estate. . . . The payment mentioned . . . may be made to the purchaser or redemptioner, or for him to the officer who made the sale." The evidence does not show that the London Company, or any one for it, ever paid or tendered payment in redemption "to the purchaser, or for him to the officer who made the sale." There is evidence to show that it tendered payment of the amount for which the property had been sold, to two different parties, whom it desired to have represent the purchaser, but that these parties refused to accept the money, and claimed that they were not authorized to receive the money and act for the purchaser. Such tender does not meet the requirements of the law. The purchaser may not have been accessible, but the officer who made the sale was; and the law provides for redemption only by "payment to the purchaser, or for him to the officer who made the sale." The evidence therefore does not show the tender made to have been a valid and sufficient tender.

The record that was brought up in this case is very imperfect, and is insufficient to enable the court to pass upon some of the issues that are raised. As it is incumbent on the appellant to furnish to the appellate court the necessary record to enable it to determine the issues raised, it is proper that the rule should obtain that when that is not done the presumption is in favor of the regularity and correctness of the proceedings in the lower court. Neither of the judgments under which the sale was made appears in the record. It appears from the argument that the judgments were for about seven thousand dollars, while the tender claimed to have been made of the amount of the purchase price at the sale was for about two thousand dollars. The testimony given, or the proceedings had at the hearing on the return to the writ of assistance, are not given, other than some affidavits attached

to the record. The judge of the district court recites in the writ that the premises were sold April 10, 1897; that the sheriff's deed was executed October 14, 1897, "P. P. Daggs claiming to hold as tenant of the London Company, who, after hearing had, are found by the court to be holding the same under the said defendants, and with notice of the rights of said Wilson under said judgment and sheriff's deed, and subject thereto." From so much of the record as has been presented to us, it is not only possible, but the presumption is, that the court acted upon full information based upon evidence, which is not in the record on appeal. The record does disclose that the first suit was brought against J. S. Armstrong and R. E. Daggs to foreclose the mortgage, and that the second suit, against A. L. Johns, R. E. Daggs, W. A. Daggs, and A. J. Daggs, was supplemental thereto, and that judgment was rendered in each instance for the mortgage debt and interest; that the sheriff's sale was made April 10, 1897, by virtue of the two judgments, one rendered May 8, 1894, against J. S. Armstrong and R. E. Daggs, and the other rendered December 21, 1896, against A. L. Johns, R. E. Daggs, W. A. Daggs, and A. J. Daggs; that, the property not having been redeemed on October 14th, the sheriff's deed was executed, conveying to plaintiff, James Wilson, all the right, title, and interest therein of the said defendants, or any person claiming under them; that said Wilson had not at the time of application for the writ of assistance been let into possession, and that the said premises were in the possession of one P. P. Daggs, claiming to hold the same as tenant of the London Company, who, after hearing had, were "found by the court to be holding the same under the said defendants, and with notice of the rights of the said Wilson under said judgments and sheriff's deed, and subject thereto." "Ordinarily it is true that the decree of a court binds only the parties and their privies in representation or estate, but he who purchases during the pendency of a suit is held bound by the decree that may be made against the person from whom he derives title, the litigating parties are exempted from taking any notice of the titles so acquired, and such a purchaser need not be made a party to the suit." 1 Story's Equity Jurisprudence, sec. 406. "A writ of assistance is an appropriate process to issue from a court of equity to place a pur-

chaser of mortgaged premises under its decree in possession after he has received the master's deed, as against parties who are bound by the decree, and who refuse to surrender possession pursuant to its direction, or other order of the court." *Terrell* v. *Allison,* 21 Wall. 289, 22 L. Ed. 634. The holder of a sheriff's deed for real estate purchased under a decree of foreclosure of a mortgage and a sale of the mortgaged premises has a right to a writ of assistance to procure possession of the premises purchased, as against all persons who were parties to the foreclosure suit, and all who hold under authority given by such parties after the commencement of such suit. *Watkins* v. *Jerman,* 36 Kan. 464, 13 Pac. 798, and cases cited. Upon what the court below based its findings could only be determined by an examination of the entire record in the case. For all this court can see, from so much of the record as has been presented to us, it is not only possible that it may have been proper to grant a writ of assistance in this case, but the presumption is that the lower court acted upon full information, based upon evidence which is not in the record on appeal, and found correctly that Daggs and the London Company were "holding possession under the defendants, and with notice of the plaintiff's rights under said judgments and sheriff's deed, and subject thereto." The holder of the sheriff's deed being in such case entitled to the writ of assistance, as granted, the order and judgment of the lower court are affirmed.

Sloan, J., and Davis, J., concur.