## CONNASAUGA RIVER LUMBER CO. et al. v. SHIPPEN et al.*

(Circuit Court of Appeals, Fifth Circuit. October 23, 1923.)

### No. 4176.

1. **Abatement and revival ⟐42—Sale of mortgaged land in foreclosure held not to abate suit by receivers to enjoin trespass thereon.**

   Where mortgagors, for whom receivers were appointed in a foreclosure suit, were in possession of land covered by the mortgage, a suit by the receivers to enjoin trespass thereon is not abated by sale of the land under the decree, but may be continued for the benefit of the purchaser, who succeeds to whatever right of possession the mortgagors had.

2. **Injunction ⟐163(1)—Preliminary injunction held properly granted to prevent cutting and removal of timber.**

   In a suit to enjoin trespass on land in possession of complainant, in which defendant alleged title, the court properly continued an injunction to prevent the cutting and removal of timber pending final hearing.

3. **Adverse possession ⟐16(1)—Inclosing and leasing land held to constitute "actual possession."**

   Fencing land and leasing it for pasturage purposes *held* to constitute actual possession, under Civ. Code Ga. 1910, § 4165.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actual Possession.]

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit in equity by William H. Shippen and H. J. Patton, receivers, against the Connasauga River Lumber Company. From orders denying a motion to dismiss and continuing an injunction, defendant appeals. Affirmed.

John A. Sibley, of Atlanta, Ga. (W. C. Martin, of Dalton, Ga., C. N. King, of Chatsworth, Ga., and Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for appellants.

Samuel N. Evins and Robert S. Parker, both of Atlanta, Ga. (Jones, Evins & Moore and Randolph & Parker, all of Atlanta, Ga., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. The appellees were appointed receivers in a suit to foreclose a mortgage. Pending foreclosure, the receivers filed an ancillary bill against appellants, who were not parties to the foreclosure suit, alleging that said appellants were trespassing upon four lots of land included in the mortgage by cutting fences, building tramroads, and cutting down and removing timber. A temporary restraining order was issued. Appellants filed an answer, in which they admitted the acts complained of, but defended upon the ground that they had title to the land. At this stage of the proceedings the property described in the ancillary bill was sold under a decree in the main suit. The court continued the receivers in office for the purpose, among others, of concluding their suit against appellants. At the hearing for an interlocutory injunction, the appellants moved to dismiss

the ancillary bill upon the ground that, the land involved having been sold, the receivers had no further interest in the litigation; but the court denied the motion, and on considering the evidence found that the receivers were in possession, and enjoined the appellants from trespassing upon three of the four lots described in the petition until the further order of the court. These rulings are assigned as error.

[1] It appears from the evidence that the mortgagors had built a wire fence of two strands around three of the four lots in controversy, and had leased them to a tenant who lived within the inclosure, and who was using the land so inclosed as a pasture for his cattle. Two lots of land not owned by the mortgagors were also within the inclosure. One of the lots described in the ancillary bill was not inclosed, and appellants were not enjoined from exercising acts of ownership over it. We are of opinion that the foreclosure sale did not deprive the court of jurisdiction to determine the question of possession involved in the ancillary suit. The court had the right to put the purchaser into such possession as the receivers had, and the fact that the sale was made before the issue as to right of possession was decided did not deprive the court of jurisdiction. Terrell v. Allison, 21 Wall. 289, 22 L. Ed. 634.

[2] The question of title, raised by appellants, was not passed upon; but, notwithstanding this, the court had the power to continue the injunction in force in order to prevent the defendant from cutting down and removing the timber on the land. Erhardt v. Boaro, 113 U. S. 527, 5 Sup. Ct. 560, 28 L. Ed. 1113; 14 R. C. L. 451.

[3] Upon the merits, it is conceded that actual possession of lands gives to the possessor sufficient interest to enjoin the cutting of timber, but it is contended that such possession is not disclosed by the evidence. Section 4165 of the Georgia Civil Code of 1910 provides:

"Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another."

We think the evidence as to the character of the fence and the use of the lands by the tenant for pasturage purposes was sufficient to show actual possession. 1 R. C. L. 698. The fact that the inclosure included some land which was not owned by the mortgagors does not, in our opinion, prevent the possession proved in this case from being adverse. Parker v. Newberry, 83 Tex. 428, 18 S. W. 815.

The decree appealed from is affirmed.