15680

GRIGGS v. GRIGGS

(31 S. E. (2d), 505)

(See: 199 S. C., 295, 19 S. E. (2d), 477)

*Mr. John D. Nock,* of Cheraw, S. C., and *Mr. C. B. Ruffin,* of Bishopville, S. C., Counsel for Appellant,

*Mr. James E. Leppard,* of Chesterfield, S. C., Counsel for Respondent,

September 29, 1944.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court:

This case was begun by Mrs. Victoria Griggs, the present respondent, in 1936, she at that time claiming title to certain described premises by virtue of the breach of the conditions contained in a deed to said premises by the present respondent to the present appellant, S. J. Griggs. Both parties appealed to this Court from holdings adverse to them, and this Court held that the fee-simple title to the premises was in S. J. Griggs, 199 S. C., 295, 19 S. E. (2d), 477. Upon a petition for rehearing, this Court supplemented its original opinion to the extent of holding that the issue of adverse possession as to the said premises had not been raised, and was not decided.

The instant appeal arises from an application by S. J. Griggs, in the original case, for a writ of assistance whereby to put himself into possession of the land involved. The petition for the writ was heard by the Hon. E. C. Dennis on circuit, who refused to grant same, holding that the granting of the writ was a matter within his discretion, and in the exercise thereof, that the respondent, Mrs. Griggs, having established by affidavit a *prima facie* case of adverse possession, the writ should not issue. In so holding, Judge Dennis pointed out that the issue of adverse possession was not made in the original case, and was not decided.

We think that the refusal of the writ by Judge Dennis was proper under the circumstances. It was conceded by both parties that Mrs. Griggs, the plaintiff in the case and the respondent here, is now in the exclusive possession of the lands in controversy, and the record shows that she has lived thereon since the year 1896, a period of forty-seven (47) years.

"It is commonly declared that the issuance of a writ of assistance rests in the sound discretion of the Court, and that it is issued only when the right is clear and free from

doubt—when there is no equity or appearance of equity in defendant, and when the decree, and the sale and proceedings thereunder, are beyond suspicion; and it is certainly not customary to issue the writ where there is a *bona fide* contest as to the right to the possession of the land under the sale, or where the occupant claims by a new and independent right or title, or where the rights of the respective parties have not been fully and finally adjudicated in the principal suit." 5 C. J., § 4, at page 1317. See also 7 C. J. S., Assistance, Writ of, § 2.

" 'It is not customary to issue the writ where there is a *bona fide* contest as to the right to possession of the property, or where the rights of the respective parties have not been fully adjudicated in the principal suit.' Fletcher, Eq. Pl., § 736.

" 'The writ will not issue for the purpose of establishing or destroying any right in the property, other than as determined by the judgment.' [3] Standard Ency. of Proc., p. 147.

" 'The object of the writ and the consideration in which it is granted is that, when the court makes a sale and transfers the title; it will take the possession from a party whose rights have been determined by the suit in which the sale was ordered.' *Bell v. Birdsall,* 19 How. Prac., N. Y., 491, page 492.

" 'The power to issue the writ results from the principle that the jurisdiction of the court to enforce its decree is co-extensive with its jurisdiction to determine the rights of the parties, and to subject to sale the property mortgaged. * * * It does not turn the party to another forum to enforce a right which it has itself established.' *Terrell v. Allison,* 21 Wall., 289, 291, 22 L. Ed., 634 [635].

" 'It will never be issued where there is any reasonable prospect that the party in possession may make a successful defense of his possession, either at law or by the aid of a

court of equity. * * * And it will never be exercised in a case of doubt, nor under color of its exercise will a question of legal title be tried or decided.' *Kerr v. Brawley,* 193 Ill., 205, 207, 61 N. E., 1057, 1058. See, also, *Knight v. Houghtalling,* 94 N. C., 408, 410." *Lundstrom v. Branson,* 92 Kan., 78, 139 P., 1172, at page 1173, 52 L. R. A. (N. S.), 697, at page 700.

So much of the order of Judge Dennis as refuses the writ is affirmed. This Court refrains from expressing any opinion or intimation on the merits of the questions of *res judicata* and election of remedies discussed in the order lest such be prejudicial as to any further action the parties may be advised to institute.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.