PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mac Babb,       
Appellant,
 
 
 

v.

 
 
 
Nina Lee Thompson, Personal Representative for the Estate of Helen W. 
 Thompson and Charles Wiriden, Jr.,       
Defendants,
Of Whom Nina Lee Thompson, Personal Representative for the Estate of 
 Helen W. Thompson is        Respondent,
 
 
 

and

 
 
 
Mac Babb,       
Third-Party Plaintiff,
 
 
 

v.

 
 
 
Waterway Mobile Home Park, Inc., a North Carolina Corporation, and Cheryl 
 Lloyd, Personal Representative of the Estate of H.O. Taylor, individually, 
 and as Registered Agent for Waterway Mobile Park, Inc., and as Officer, 
 Shareholder, and Director of Waterway Mobile Home Park, Inc., Third-Party 
 Defendants,        Respondents,
 
 
 

Appeal From Horry County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-520
Submitted September 15, 2004  Filed 
 October 14, 2004

AFFIRMED

 
 
Mac Babb, of Calabash, North Carolina, pro se.
Nina Lee Thompson, of Acton, North Carolina, pro se.
 
 

PER CURIAM: Mac Babb brought this action against Helen W. 
 Thompson and Waterway Mobile Home Park to collect on a default judgment entered 
 against Thompson in 1998.  The circuit judge issued an order disposing of Waterways 
 previously impounded funds and allowing Waterways previous attorney to withdraw, 
 as earned fees, money he held in escrow for Waterway.  The judge denied Babbs 
 request for a writ of assistance to assign to him the stock of Waterway and 
 denied Babbs motions for contempt, sanctions, and punitive damages.  The order 
 also affirmed the probate courts dismissal of Babbs petition to open an estate 
 for Thompson.  Babb appeals from this order.  We affirm. [1]   
FACTS
This case arises from a lengthy and complex procedural 
 history. [2]   Babb filed a breach of contract action against 
 Thompson regarding their business relationship.  A default judgment was entered 
 against Thompson in the amount of $63,000, plus prejudgment interest.  Babb 
 filed this action seeking to collect his judgment.  The action was designated 
 a complex case over which Judge J. Michael Baxley presided.  During the course 
 of this litigation, Thompson assumed sole ownership of Waterway.  Subsequently, 
 and also during the course of litigation, Thompson died in the state of California.  
 Thompson and Waterway have insufficient assets to satisfy Babbs judgment.  

Babb filed a 
 petition, as a judgment creditor, to open an estate for Thompson in South Carolina 
 and to be appointed personal representative.  The probate court issued an order 
 dismissing Babbs case due to inactivity and removed the file from the active 
 docket with leave to restore upon good cause shown.  A letter attached to the 
 order of the probate court stated the reason the file was being closed was because 
 it appears to be defunct in fact and not susceptible to ending by Letters Dismissory.  

 By a prior order of the circuit judge, Waterways corporate income 
 and accounts, excluding its operating account, were impounded.  Additionally, 
 another prior order of the circuit judge released $10,000 from the impounded 
 funds into Waterways operating account.  At the time of the final hearing, 
 the impounded funds totaled $71,975.38.  Waterways previous attorney, Michael 
 Henthorne, held a sum of money, presumably paid from Waterways operating account, 
 [3] in his escrow account.  
At the final hearing in this action, Babb sought partial satisfaction 
 of his judgment through payment of the impounded funds.  Babb also sought a 
 writ of assistance assigning to him all of the stock of Waterway.  Further, 
 Babb requested the trial court hold Thompson and Waterway in contempt and asked 
 for sanctions arising from alleged violations 
 [4] of the courts previous orders.  Babb also requested punitive 
 damages.  Finally, Babb appealed to the circuit court the probate courts 
 dismissal of his petition to open an estate for Thompson.  
The circuit judge 
 ordered $2,377 of impounded funds be paid to accountant Harold R. Cooper, for 
 his services as ordered by the court and necessitated by the litigation.  As 
 for the remainder of the impounded funds, the judge ordered they be paid to 
 Babb in partial satisfaction of his judgment.  The judge also authorized Henthorne 
 to withdraw $4,488 of his outstanding and past due legal fees from his escrow 
 account, finding Henthornes work greatly beneficial to the court and to Babb.  
 The order denied Babbs request for a writ of assistance, finding it would not 
 be beneficial and would only generate further litigation.  The judge denied 
 Babbs motion for contempt, stating that he found Thomson and Waterway had substantially 
 complied with the previous orders. The judge also denied Babbs request for 
 punitive damages.  Finally, the judge declined to reverse the probate courts 
 order dismissing Babbs petition to open an estate for Thompson, ultimately 
 concurring with the probate courts decision to dismiss the initial filing as 
 inadequate, but noting that Babb had failed to request a rehearing or move to 
 restore the case to the probate court.  This appeal followed.
ISSUES

 1.                 
 Whether the trial court erred in providing for payment of Henthornes fees;
 2.                 
 Whether the trial court erred in providing for payment of accountant Cooper 
 from the impounded funds;
 3.                 
 Whether the trial court erred in denying Babbs motion for writ of assistance;
 4.                 
 Whether the trial court had jurisdiction to deny Babbs motion for punitive 
 damages; and
 5.                 
 Whether the trial court erred in failing to remand to the probate court the 
 issue of the dismissal of Babbs petition to open an estate for Thompson.

LAW/ANALYSIS
As an initial matter, we note that Babb has provided us with an incomplete 
 record on appeal.  For a case with a substantial procedural history, the record 
 in this case is sparse.  Significantly, Babb has failed to include in his record 
 a copy of his complaint in this matter.  Without this, we can only speculate 
 as to the causes of action under which Babb requested payment of the impounded 
 funds.  See Harkins v. Greenville County, 340 S.C. 606, 616, 533 
 S.E.2d 886, 891 (2000) (stating the appellant has the burden of presenting a 
 sufficient record to allow review).  Except as provided by Rule 212 and Rule 
 208(b)(1)(C) and (2), the appellate court will not consider any fact which does 
 not appear in the Record on Appeal.  Rule 210(h), SCACR.  Only matters the 
 parties deem not to be relevant to the appeal are properly excluded from the 
 record.  See Former v. Butler, 319 S.C. 275, 277 n.1, 460 S.E.2d 
 425, 427 n.1 (Ct. App. 1995). [T]he South Carolina Appellate Court Rules are 
 not mere technicalities but provide the parties and this Court with an orderly 
 mechanism through which to guide appeals in this State.  It is incumbent upon 
 counsel to provide material that complies with the Rules and facilitates appellate 
 review.  Henning v. Kaye, 307 S.C. 436, 437, 415 S.E.2d 794, 794 (1992).  
 See also State v. Burton, 356 S.C. 259, 265, n.5, 589 S.E.2d 
 6, 9 n.5 (2003) (A pro se litigant who knowingly elects to represent 
 himself assumes full responsibility for complying with substantive and procedural 
 requirements of the law.);  State v. Hollman, 232 S.C. 489, 498, 102 
 S.E.2d 873, 877 (1958) (stating that established rules of procedure are not 
 to be discarded on appeal merely because a party appeared pro se), 
 overruled on other grounds by Stevenson v. State, 335 S.C. 193, 
 516 S.E.2d 434 (1999).  In this case, without knowing the causes of action Babb 
 proceeded under to collect the impounded funds, we are unable to determine and 
 apply the proper standard of review.     
1.       Payment of attorney's fees
Babb claims the judge erred in providing for payment of attorney 
 Henthornes legal fees.  Babb asserts Henthorne waived his right to request 
 fees because he failed to appear at the final hearing.   This issue is not preserved 
 for our review because Babb did not raise it to the circuit judge at the final 
 hearing.  Rather, Babb raised this issue for the first time in a Rule 59(e) 
 motion. A party cannot use Rule 59(e) to present to the court an issue the 
 party could have raised prior to judgment but did not.  Hickman v. Hickman,  
 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) (citations omitted). 

To the extent that Babb argues the judge erred in allowing Henthornes 
 fees to be paid out of monies used in the winding up of Waterways affairs, 
 we find this issue not properly before us.  Henthornes affidavit stated that 
 he accrued his fees in complying with the courts order for an accounting and 
 in winding up Waterways corporate affairs.  In an unappealed order, the circuit 
 judge found Henthornes firm to be a claimant and accorded [the firm] claimant 
 status to the extent of its unpaid legal and professional fees, amounting to 
 $11,170.68.  The order specifically stated that this court shall consider at 
 a subsequent dispositional hearing whether all or a portion of the [firms] 
 fees should be paid from the remaining assets of the corporation over which 
 this court has jurisdiction.  By another unappealed order of the circuit judge, 
 $10,000 of impounded funds were released to Waterways operating account, which 
 was not impounded, to be used as necessary for the winding up of Defendant 
 Waterways corporate affairs.  Babb did not appeal the prior order treating 
 the firm as a claimant or the prior order allowing the operating account to 
 be used for the winding up of Waterways affairs.  Thus, these orders became 
 the law of the case.  See Brading v. County of Georgetown, 327 
 S.C. 107, 113, 490 S.E.2d 4, 7 (1997).  Furthermore, Babb does not contest the 
 fact that Henthorne accrued the fees in winding up Waterways affairs. Therefore, 
 the actions of the circuit judge in allowing Henthorne to treat fees accrued 
 in the winding up of Waterways affairs as earned and permitting Henthorne to 
 withdraw the balance of the escrow account ($4,480.00) are not subject to our 
 review.  
2.       Payment of accountant Coopers fees
Babb argues the circuit judge erred in awarding accountant Cooper 
 fees from the impounded funds.  Babb does not cite to any authority in support 
 of his proposition.  As a result, we deem this issue abandoned on appeal.  See 
 First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994).  
 However, even if we were to address the merits and apply the broad standard 
 of review for actions in equity, we find Babbs argument to be without merit.  

In an appeal from an action in equity, this Court has jurisdiction 
 to find facts in accordance with its own view of the preponderance of the evidence.  
 However, this broad scope of review does not require an appellate court to disregard 
 the findings below or ignore the fact that the trial judge is in the better 
 position to assess the credibility of the witnesses.  Moreover, the appellant 
 is not relieved of his burden of convincing the appellate court the trial judge 
 committed error in his findings.  

Pinckney v. Warren, 344 S.C. 382, 387-88, 544 S.E.2d 620, 623 (2001) 
 (citations omitted). 
We are satisfied and the record demonstrates 
 that Coopers work was court ordered and necessitated by this litigation.  The 
 following dialogue took place between Babb and the circuit judge:

 
 
 
 The Court: 
 All right, is it within you  its your position that no other 
 claimant then should receive any [impounded] funds other than you?
 
 
 Mr.
 Babb: 
 Should not be senior, yes, sir.  I would think probably based on 
 one of your Orders that Mr. Cooper should be paid.  I believe his bill is $3000.00.
 
 
 The Court: 
 All right, sir, than other than Mr. Cooper you dont believe its 
 your position that no other claimant should be paid in part and certainly not 
 in whole?  In other words, nobody [sic] but the remaining funds go to you other 
 than Accountant Cooper?
 
 
 Mr.
 Babb:
 Thats correct . . . .
 
 
 

Babb asserts that he consented to Cooper being paid, but contends 
 that payment should have been made out of the monies in the operating account. [5]   The record does not demonstrate 
 that any funds in the operating account were available to pay Cooper.  The record 
 does not show the balance of the operating account, nor does the record itemize 
 how the operating account was used in winding up Waterway's affairs.  Thus, 
 the equities favor providing payment for Coopers services by means of the impounded 
 funds.
3.       Writ of assistance
Babb argues the circuit judge erred in denying 
 his motion for a writ of assistance which would assign to him all of the stock 
 of Waterway.  Babb does not cite to any authority in support of his proposition.  
 As a result, we deem this issue abandoned on appeal.  See First Sav. 
 Bank, 314 S.C. at 363, 444 S.E.2d at 514.   Nonetheless, we also disagree 
 with Babb on the merits of this argument.  
 The issuance of a writ of assistance rests 
 in the sound discretion of the trial court.   See Griggs v. Griggs, 
 205 S.C. 272, ­­­274, 31 S.E.2d 505, 505 (1944).  The object of a writ of assistance 
 is to take possession [of property] from a party whose rights have been determined 
 by the suit in which the sale [of property] was ordered.  Id. at 275, 
 31 S.E.2d at 506 (citation omitted).  A writ of assistance is issued only 
 when the right is clear and free from doubt  when there is no equity or appearance 
 of equity in defendant, and when the decree, and the sale and proceedings thereunder, 
 are beyond suspicion . . . .  Id. at 274-75, 31 S.E.2d at 505-06 (quoting 
 5 C.J., §4 at 1317).  
In this case, the court found that Waterway 
 operated a mobile home park on real property that it did not own.  The order 
 stated that Waterway ceased operations and noted that the court had already 
 seized its bank accounts.  The order referred to Waterway as an insolvent non-entity.  
 In fact, Waterway was dissolved prior to the final hearing on the merits.  Because 
 we find support in the record for the circuit judges findings, we hold the 
 circuit judge did not abuse his discretion in declining to issue Babb a writ 
 of assistance.  
4.       Punitive damages
Babb argues the circuit judge erred in denying him punitive damages 
 because the judge did not have subject matter jurisdiction over that issue.  
 Babb asserts that a prior order of the court, through an agreement of the parties, 
 provided for the issue of punitive damages to be heard by a master-in-equity.  
 Babbs argument to this effect is conclusory and not supported by any authority.  
 As a result, this issue is abandoned on appeal.  See First Sav. Bank, 
 314 S.C. at 363, 444 S.E.2d at 514.  
Moreover, as previously noted, the record in this case is sparse. 
 The record contains the reference of the issue of punitive damages to a master-in-equity, 
 dated March 25, 1998.  Despite this order of reference, the issue of punitive 
 damages was raised to the circuit judge at the final hearing.  Nothing in the 
 record indicates why this issue was raised at that time.  The issue of punitive 
 damages was addressed at the hearing as follows:

 
 
 
 Mr.
 Babb: 
 All right, the last thing is the punitive damages that [sic] Judge 
 Lockemys Order of March of 1998 and Im not prepared for that today.
 
 
 The
 Court: 
 Well my recollection is is [sic] that issue  well, let me ask 
 you to publish for the record what is the status of that issue.
 
 
 Mr.
 Babb:
 Its never been heard.  He ruled  it seemed like to me, Im going 
 from memory now that you asked that straight question, that its to be heard 
 by Judge Cross but youve taken jurisdiction.
 
 
 The Court: 
 All right, sir, then Im going to take that under advisement, too, 
 and well look back in the Orders and again, just as it is somewhat confusing 
 for you, there has been a lot of litigation in this action just while Ive been 
 in charge of the complex case and Ill have to look back and see just exactly 
 how that issues framed and well make a ruling.
 
 
 

 Because this case has an abundant procedural history with which the 
 circuit judge was very familiar, we are reluctant to find a lack of subject 
 matter jurisdiction based on the record before us.  As stated above, the record 
 is incomplete, and thus, we are unable to determine why the issue of punitive 
 damages was raised to the circuit judge at the final hearing.  Further, we are 
 unable to determine on what grounds the circuit judge would have taken jurisdiction.  
 The circuit judge had all the prior orders in the case available to review and 
 determine how the issue of punitive damages was framed.  We are not afforded 
 the same luxury and are left only to speculate whether the court had subject 
 matter jurisdiction.  The appellant has the burden of presenting a sufficient 
 record to allow review.  See  Harkins, 340 S.C. at 616, 533 S.E.2d 
 at 891.  Because we find Babb has not met this burden, we decline to address 
 this issue on appeal.
5.       Appeal from probate court
Finally, Babb argues that because the 
 circuit court applied inadequate grounds to affirm the dismissal of his probate 
 petition, his appeal should have been remanded to probate court for further 
 determinations. [6] If the proceeding in the probate court is in the nature of 
 an action at law, the [appellate] court may not disturb the probate courts 
 findings of fact unless a review of the record discloses there is no evidence 
 to support them.  Macaulay v. Wachovia Bank of South Carolina, N.A., 
 351 S.C. 287, 293, 569 S.E.2d 371, 375, (Ct. App. 2002) (quoting Howard v. 
 Mutz, 315 S.C. 356, 361, 434 S.E.2d 254, 257 (1993)). Rule 4 of the South 
 Carolina Rules of Probate Court allow the court to strike a case from the active 
 file with leave to restore upon good cause shown when it appears that the file 
 is defunct in fact and not susceptible to ending by letters dismissory . . 
 . .  
In this case, the order states that the 
 reason for dismissal was inactivity in the file, but a letter accompanying the 
 dismissal states the reason based on Rule 4.  The circuit court affirmed on 
 the grounds of Rule 4, finding Babbs initial filing inadequate.  The record 
 reveals that Babbs petition to open an estate for Thompson contained several 
 omissions.  Thus, we decline to overturn the circuit judges decision to affirm 
 the probate courts dismissal of his petition.  See Rule 220(c), SCACR 
 (The appellate court may affirm any ruling, order, or judgment upon any ground(s) 
 appearing in the Record on Appeal.).  Further, because we affirm the dismissal 
 of Babbs petition, there is no reason to remand the issue.  However, nothing 
 in this opinion affects Babbs right to move to restore the petition to the 
 active docket for good cause shown, as provided for in Rule 4 of the South Carolina 
 Rules of Probate Court.  
CONCLUSION 
We find Babbs argument that the circuit judge erred in awarding Henthorne legal 
 fees not preserved for our review and, therefore, decline to address the issue 
 on appeal.  We deem Babbs issues concerning the payment of accountant Coopers 
 fees and concerning the writ of assistance abandoned on appeal.  Nonetheless, 
 these issues also fail on the merits.  Furthermore, Babb has failed to provide 
 to us a sufficient record on appeal to address whether the trial court had subject 
 matter jurisdiction to decide the issue of punitive damages, and thus we decline 
 to address the issue.  Finally, we do not find the circuit judge abused his 
 discretion in affirming the decision to dismiss Babbs petition to open an estate 
 for Thompson in probate court.  Therefore, the order of the circuit judge is
 AFFIRMED.
 HEARN, C.J., HUFF and KITTREDGE, JJ., concur. 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] Our court has twice before examined this case.  
 A more detailed procedural history can be found in the two previous unpublished 
 opinions.  Babb v. Thompson, Op. No. 2002-UP-026 (Ct. App. filed Jan. 
 16, 2002) (affirming the default judgment against Thompson, but reversing 
 the award of attorneys fees to Babb), and 95-UP-195 (Ct. App. filed June 
 28, 1995) (reversing the trial judges denial of Babbs motions for new trial 
 nisi additur and new trial absolute, finding the jurys award 
 of $5.00 for his breach of contract claims not supported by the evidence).

 
 [3] Although not explicitly set forth in the record, 
 this is a logical presumption because the judge ordered this account be used 
 to wind up Waterways corporate affairs and Henthornes services were utilized 
 for the purpose of winding up Waterways affairs.   

 
 [4] Neither Babbs complaint nor his motion to hold 
 Thomson and Waterway in contempt appear in the record on appeal. 

 
 [5] Arguably, this issue is not preserved for our 
 review.  Babb did not make this specific argument at the final hearing.  The 
 argument is made for the first time in his Rule 59(e) motion.  See 
 Hickman, 301 S.C. at 456, 392 S.E.2d at 482 (A party cannot use Rule 
 59(e) to present to the court an issue the party could have raised prior to 
 judgment but did not.).  However, in light of the confusing manner in which 
 this issue was addressed at the final hearing, Babbs Rule 59(e) motion may 
 have presented him with the first opportunity to raise this argument.  We, 
 therefore, address the equities presented by this issue.   

 
 [6] The order dismissing Babbs petition to open an 
 estate for Thompson provided for leave to restore [the petition] for good 
 cause being shown why the case should be continued as a pending case.  Instead 
 of moving to restore the case for good cause shown, Babb directly appealed 
 the probate courts order to the circuit court.  Therefore, his appeal to 
 circuit court was, at best, premature.  However, because the judge decided 
 this issue on the merits, we also address the merits of Babbs argument.