24073

FIRST SAVINGS BANK, Respondent v. A.F. McLEAN, Jr., and Mary H. McLean, Defendants, of whom A.F. McLean, Jr. is Appellant.

(444 S.E. (2d) 513)

Supreme Court

*Frederick K. Jones,* Florence, *for appellant.*

*E.S. Swearingen,* Florence, *for respondent.*

Heard May 19, 1994.

Decided May 23, 1994; Reh. Den. June 30, 1994.

FINNEY, Justice:

This is an appeal of a mortgage foreclosure action. The matter was referred by consent to a special referee with direct appeal to the Supreme Court. After a hearing in the absence of Appellant, the special referee by order filed October 24, 1991, foreclosed the mortgage and ordered the sale of the property by public auction.[1] Appellant filed a motion to reconsider and requested a new trial on the basis of after-discovered evidence. A hearing was held and a supplemental order was issued November 11, 1991. On November 13, 1991, Appellant filed an appeal of the prior orders. The property was sold pursuant to the October 24, 1991, order at a bid price of $62,000. However, due to a defective notice of sale, the referee issued an order on December 18, 1991, setting a new sales day of January 13, 1992. The property was ultimately sold for $55,010.

Appellant alleges the special referee committed various abuses of discretion. First, Appellant contends the referee erred in refusing to continue the foreclosure hearing to allow Appellant to testify and present evidence. We disagree. A motion for continuance is within the sound discretion of the trial court and the ruling will not be reversed without a clear showing of abuse. *South Carolina Department of Social Services v. Broome,* 307 S.C. 48, 413 S.E. (2d) 835 (1992).

The record reveals that Appellant was properly notified of the foreclosure hearing, but did not attend because he was away on a business trip. The referee did not abuse his discretion in declining to grant a continuance so that Appellant

---

[1] Appellant's counsel was present at the hearing and cross-examined respondent's witness.

could personally testify. Appellant's decision not to attend the hearing was a matter of priority and thus, we find no abuse of discretion.

Appellant next asserts that the special referee abused his discretion by failing to grant all the relief he sought in his motion to reconsider. Appellant fails to provide arguments or supporting authority for his assertion. Thus, he is deemed to have abandoned this issue. *Matthews v. City of Greenwood*, 305 S.C. 267, 407 S.E. (2d) 668 (Ct. App. 1991). Mere allegations of error are not sufficient to demonstrate an abuse of discretion. On appeal, the burden of showing abuse of discretion is on the party challenging the trial court's ruling. *State ex rel. McLeod v. Wilson*, 279 S.C. 562, 310 S.E. (2d) 818 (Ct. App. 1983). Even if Appellant had properly preserved this issue, we find no abuse of discretion in the denial of the relief sought.

Appellant contends the special referee should have granted a new trial based on after-discovered evidence. We disagree.

Appellant claims that during the course of testimony at the foreclosure hearing, he discovered for the first time that respondent was denying that Appellant had provided property insurance coverage. The record refutes this claim, showing that Appellant was aware of a dispute months prior to the hearing. Therefore, we find there is no after-discovered evidence here.

Next, Appellant claims that the special referee erred in foreclosing the mortgage without a proper accounting. We disagree.

Appellant contends that respondent could not account for escrow payments made prior to assignment of the mortgage to First Savings Bank. However, Appellant did not provide evidence of any discrepancy in the payment records. The special referee expressly found and the record contains documentary evidence supporting that respondent fully accounted for the payments made by Appellant. Appellant has not met his burden of showing both error and prejudice. *Cumbie v. Cumbie*, 245 S.C. 107, 139 S.E. (2d) 477 (1964).

Appellant argues that the order of reference became null and void before the final order was issued, thus, the referee lacked jurisdiction to issue the amended order dated December 18, 1991. We disagree.

The order of reference provided that the final order shall be filed within sixty (60) days of the order or it would become null and void. The October order was timely filed. The subsequent orders were issued either in response to Appellant's motion to reconsider or pursuant to the referee's exercise of his authority to correct mistakes in orders granted by Rule 60(a), SCRCP. Accordingly, we find that the referee had jurisdiction to issue the December amended order.

Appellant claims that the order of sale should not have been amended without appropriate notice. The original sale was voided after the notice of sale was found to be defective. In an exercise of judgment, the referee rescheduled the date of sale without written notice to Appellant.[2] Appellant contends that he was prejudiced by losing a potentially more advantageous sale.

While the better procedure would have been to give Appellant written notification of the sales date change, Appellant was aware that the initial date was tentative. The referee's order dated October 24, 1991, specifically stated that the sales day was November 18, 1991, "or on any subsequent sales day during the usual hours for public sales, without further Order of the Court." We find that Appellant does not demonstrate that prejudice was suffered. *See Cumbie v. Cumbie, id.*

Finally, Appellant alleges that the special referee had a pecuniary interest in the outcome which affected his decisions throughout the proceeding. We disagree.

The referee retained as compensation master's fees in the amount of $500 and a one percent sales commission of $550.10. Appellant premises all of his abuse of discretion arguments on the theory that the referee had a pecuniary interest in the outcome of this case. S.C. Code Ann. § 14-11-60 (Supp. 1993) provides that the special referee must be compensated by the parties involved in the action. Accordingly, the special referee would have been entitled to compensation regardless of how he ruled on this matter. Furthermore, S.C. Code Ann. § 14-11-310 (Supp. 1993) provides that the master-in-equity shall collect fees on the sale of land to be deposited in the county's general fund. Therefore, Appellant's contention is without merit.

---

[2] We note that Appellant's counsel acknowledged at oral argument before this Court was aware of the revised sales date.

We conclude that Appellant has not met his burden of establishing that the special referee abused his discretion. Accordingly, the referee's findings and conclusions of law are

Affirmed.

CHANDLER, Acting C.J., TOAL and MOORE, JJ., and WILLIAM H. BALLENGER, Acting Associate Justice, concur.