554 S.E.2d 681

Elizabeth M. LANGEHANS and Faye Smith Brown, Appellants,

v.

Flint P. SMITH, Klaus D.W. Langehans, Michael L. Brown, Carol Schwarting Smith, South Carolina Employment Security Commission, Nationsbank, N.A., formerly known as Nationsbank, National Association (CAROLINAS), formerly known as NationsBank of South Carolina, N.A., as successor to the Citizens and Southern National Bank of South Carolina, Colleen H. Jolly and Willis L. Jolly, Ralph Morrell, Jr., Eva Gwaltney, Linda R. Myers, Darvin Lee, Leigh Ann Walker, Bennie H. Collins, The Anderson National Bank, The United States of America acting by and through The Internal Revenue Service, and The South Carolina Department of Revenue, Defendants,

of Whom Ralph Morrell, Jr., Eva Gwaltney, Linda R. Myers, and Leigh Ann Walker are, Respondents.

No. 3343.

Court of Appeals of South Carolina.

Heard March 5, 2001.
Decided May 21, 2001.
Refiled Sept. 24, 2001.
Rehearing Denied Nov. 26, 2001.
Certiorari Denied March 22, 2002.

W.D. Rhoad, of Rhoad Law Firm, of Bamberg, for appellants.

Robert F. McCurry, Jr., of Horger, Barnwell & Reid, of Orangeburg; and Richard B. Ness, of Early & Ness, of Bamberg, for respondents.

## ORDER WITHDRAWING AND SUBSTITUTING OPINION

PER CURIAM:

Pursuant to Appellant's Petition for Rehearing, the court grants the Petition, dispenses with oral argument and orders the opinion heretofore filed, Opinion No. 3343, filed May 27, 2001, be withdrawn and the attached Opinion be substituted therefore.

**IT IS SO ORDERED.**

PER CURIAM:

In this action to foreclose on a real estate mortgage, Elizabeth Langehans and Faye Brown appeal the special referee's ruling in favor of the intervening judgment creditors. We affirm.

## FACTS

On November 9, 1988, Klaus Langehans, Michael Brown, and Flint Smith (Husbands) executed a promissory note in the amount of $50,000 to Citizens and Southern National Bank of South Carolina (NationsBank).[1] To secure payment for this note, Husbands executed a mortgage encumbering real estate they owned. The mortgage contained a future advance clause, but limited the indebtedness secured by the mortgage to $50,000. Under the terms of the mortgage, Husbands were jointly and severally liable on the note and were obligated to make monthly mortgage payments to NationsBank. During the ensuing years, Husbands paid the monthly mortgage as various parcels were sold and released from the mortgage. At some point, however, Husbands stopped paying the monthly mortgage and defaulted under the terms of the note and mortgage. Upon learning that NationsBank planned to bring a collection action, Flint Smith and Michael Brown agreed to pay NationsBank $10,000 to forestall legal action against them. Pursuant to this agreement, Michael Brown paid NationsBank $5,000; however, Flint Smith never paid anything.

In October 1996, NationsBank filed suit on the note against Husbands. NationsBank did not seek foreclosure on the note, but expressly "reserve[d] and preserve[d] its right to later pursue any and all rights it ha[d] against the real estate collateral, including, but not limited to, the appointment of a receiver or foreclosure of the mortgage." Klaus Langehans demanded foreclosure and was subsequently dismissed from the lawsuit. NationsBank obtained a judgment against Michael Brown and Flint Smith in the amount of $23,764.25 plus interest. In his order, then circuit judge Costa Pleicones held that NationsBank "shall hereafter have the right to pursue any and all rights and remedies it has against the real estate collateral securing the note upon which this judgment is rendered...." The rest of this sentence, which was crossed out and initialed by Judge Pleicones, states that NationsBank's rights and remedies "includ[e], but [are] not limited to,

---

1. Husbands originally executed this note and mortgage to Citizens and Southern National Bank of South Carolina. Through a series of mergers and name changes, the note and mortgage came to be owned by NationsBank.

the right to appointment of a receiver and/or the right to foreclose upon the mortgage securing the note."

Shortly after the lawsuit, NationsBank purported to assign the note, mortgage, and judgment lien to Elizabeth Langehans and Faye Brown (Wives). In exchange for this assignment, Elizabeth Langehans paid NationsBank $10,694.35, and Michael Brown and Faye Brown paid NationsBank $10,694.35 from a joint account held in both their names. The sum of these payments, $21,388.70, was the negotiated amount of the total debt due to NationsBank.

After the assignment, Wives filed a foreclosure action against Husbands. In response to this foreclosure action, various judgment creditors of Flint Smith asked that their intervening judgments against him be afforded priority superior to that of Wives. The defendants individually answered asserting general denials and claiming the defense of election of remedies through accord and satisfaction of the note. A foreclosure hearing was held in May 1998.

At the hearing, the parties litigated the issues of the contractual assignment of the judgment and the defense of election of remedies. The special referee held that Elizabeth Langehans's payment to NationsBank was a gratuitous payment on her husband's behalf to satisfy his debt. The special referee also found that Faye Brown paid no consideration for the assignment and that Michael Brown's payment was for his own debt. Additionally, the referee denied Wives' foreclosure action, finding that the assignment of the note and mortgage was without effect, because the payments from Michael Brown and Elizabeth Langehans extinguished the debt secured by the mortgage. The special referee further found that it would be extremely inequitable to Flint Smith's judgment creditors to allow Wives to achieve priority status through their collusion with Husbands. The special referee did not make any rulings regarding equitable subrogation.

Wives moved for reconsideration or alternatively for a new trial, again arguing the contractual assignment of the note entitled them to foreclosure. The motion was denied and Wives appeal.

**DISCUSSION**

### I. Issue Preservation

In order for an issue to be properly presented for appeal, the appellant's brief must set forth the issue in the statement of issues on appeal. *See* Rule 208(b)(1)(B), SCACR; *Silvester v. Spring Valley Country Club,* 344 S.C. 280, 543 S.E.2d 563 (Ct.App.2001). An appellate brief must be divided into as many parts as there are issues to be argued, and an issue is not preserved for appeal if appellant's brief does not conform to these requirements. *See* Rule 208(b)(1)(D), SCACR; *Watson v. Chapman,* 343 S.C. 471, 540 S.E.2d 484 (Ct.App.2000). Further, it is error for the appellate court to consider issues not properly raised to it. *First Sav. Bank v. McLean,* 314 S.C. 361, 444 S.E.2d 513, (1994) (stating appellant must provide authority and supporting arguments for his issue to be considered raised on appeal); *Tirado v. Tirado,* 339 S.C. 649, 530 S.E.2d 128 (Ct.App.2000) (holding that an issue which is not supported by authority or sufficiently argued is not preserved for appellate review).

Wives' appellate brief contains only one argument. The heading above that argument states:

THE TRIAL COURT ERRED IN DENYING APPELLANTS' FORECLOSURE ACTION AND FAILING TO HOLD THAT THEY WERE EQUITABLY SUBROGATED TO THE RIGHTS OF NATIONSBANK BECAUSE APPELLANTS PURCHASED A VALID ASSIGNMENT OF NATIONSBANK'S JUDGMENT, NOTE, AND MORTGAGE, THEREBY SATISFYING MORE THAN BROWN AND LANGEHANS' PROPORTIONATE SHARES OF THE DEBT OWED.

In their argument, Wives cite sixteen cases. All sixteen cases are equitable subrogation cases and designated to support Wives' proposition that they are equitably subrogated to the rights of NationsBank. Wives cite no cases in their brief relating to their right to foreclose as contractual assignees of NationsBank, the argument litigated at trial. Further, all seven pages of Wives' argument focus almost entirely on equitable subrogation and their contention that they meet the four factors required for equitable subrogation. Wives based their argument on appeal squarely on equitable subrogation.

This court is therefore limited to addressing the single issue raised by Wives in their brief—equitable subrogation.

Our review of the record reveals, however, Wives did not raise this specific argument to the trial court. The parties litigated the effect of the contractual assignment of the note, mortgage and judgment. Wives failed to argue equitable subrogation at trial. Furthermore, the trial court never ruled on the issue and Wives failed to raise the issue in their motion to alter or amend. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 497 S.E.2d 731 (1998) (an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review); *Noisette v. Ismail,* 304 S.C. 56, 403 S.E.2d 122 (1991) (issue was not preserved for appellate review where the trial court did not explicitly rule on the appellant's argument and the appellant did not raise the issue in a Rule 59(e), SCRCP, motion to alter or amend the judgment). We find Wives' sole issue on appeal is not preserved for our review, and the order on appeal is accordingly

**AFFIRMED.**

HEARN, C.J., CURETON and SHULER, JJ., concur.