THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
Carlos L. Hamlin,       
Appellant.
 
 
 

Appeal From Colleton County
Robert S. Armstrong, Family Court Judge

Unpublished Opinion No. 2004-UP-363
Submitted March 19, 2004  Filed June 
 7, 2004

AFFIRMED

 
 
 
Carlos L. Hamlin, Pro Se, for Appellant.
Harry O. Shaw, III, of the South Carolina Department of Social 
 Services, Child Support Enforcement Division, Charleston, S.C., for Respondents.
 
 
 

 PER CURIAM:  The family court ordered 
 $6,330 held by the Colleton County Sheriffs Department as proceeds from the 
 collection of a civil judgment in favor of Carlos L. Hamlin to be applied to 
 Hamlins four overdue child support obligations, three of which had been reduced 
 to child support judgments.  Hamlin appeals. 
FACTUAL/PROCEDURAL 
 BACKGROUND
Hamlin fathered five children raised in four separate 
 custodial families. Each time, the custodial parent received assistance from 
 SCDSS and assigned child support rights to SCDSS.  SCDSS brought actions for 
 support and Hamlin was ordered to pay support for each child by the family court. 

Subsequently, one custodial parent terminated subsistence 
 through SCDSS, and an order was entered by the family court on February 9, 1999, 
 determining the amount still owed in support for that child up to that time. 
 Thereafter, Hamlin began receiving Supplemental Social Security, and Hamlin 
 and SCDSS entered into a consent order on August 8, 2001, terminating the support 
 obligations as to the remaining custodial households.  In this consent order, 
 the court determined the amount of unpaid support for each case due and owing 
 by Hamlin, reducing those amounts to judgments. No appeal was taken from either 
 order.
On October 7, 2002, SCDSS learned from the sheriffs 
 department that Hamlin would be receiving $6,330 in payment of a civil judgment 
 on October 10, 2002. SCDSS applied to the family court and obtained an order 
 requiring the funds to be paid to the clerk of the family court pending any 
 objection by Hamlin. The order recited the amount of each unpaid child support 
 obligation, and gave Hamlin ten days in which to file any objection he had to 
 applying the funds to those overdue obligations.
Hamlin received a copy of the order from the Sheriffs Office 
 and thereafter objected. A hearing was held before Judge Armstrong pursuant 
 to notice. At the hearing, Hamlin appeared and argued he had not received notice 
 prior to the issuance of the initial order. He further argued one of the overdue 
 obligations had not been reduced to a judgment. 
Concluding Hamlin failed to give any reasons why the funds 
 should not be paid to the custodial families in partial satisfaction of the 
 debts, the court ordered payment to the custodial families on a pro-rata basis. 

DISCUSSION
 I.      Notice 
 
Hamlin first argues he did not receive notice as required 
 under S.C. Code Ann. section 20-7-1295 (2003).  We disagree.  
The initial notice requirements of section 20-7-1295 
 deal with notice to the child support obligor of past due child support. See 
 S.C. Code Ann. § 20-7-1295 (B) (When the division determines that child support 
 is unpaid in an amount equal to or greater than one thousand dollars, it shall 
 send written notice to the obligor by first-class mail to the obligor's last 
 known address, as filed with the tribunal pursuant to Section 20-7-854.).  
 However, this notice is not necessary here because the child support as to three 
 of the obligations was already reduced to a judgment by consent order on August 
 8, 2001.  As to the fourth obligation, it was reduced to a sum certain 
 by previous final order. Therefore, Hamlin had actual notice of the amounts 
 equal to or exceeding one thousand dollars claimed in unpaid child support.
Hamlin also argues notice was required in accordance 
 with section 20-7-1295 (C).   He specifically argues this was necessary to perfect 
 a lien against real property.  However, there is nothing in the record to suggest 
 a lien was obtained against real property owned by Hamlin.  Furthermore, this 
 issue was not raised to or ruled on by the family court. Bakala v. Bakala, 
 352 S.C. 612, 576 S.E.2d 156 (2003)(ruling an issue not raised and ruled upon 
 by the family court will not be addressed on appeal).        
In any event, subsection (C) deals with the manner 
 of perfecting liens by filing the requisite notice in the correct office responsible 
 for recording and maintaining liens in respect to the type of property involved.  
 It does not add a notice requirement to the obligor.
The other pertinent notice provision in § 20-7-1295 
 states:          

(H) The division shall send timely written notice 
 to the obligor by first-class mail of any action taken to perfect a lien, execute 
 a levy, or seize any property.  The notice shall specify the amount due, the 
 steps to be followed to release the property so placed under lien, levied, or 
 seized, and the time period within which to respond to the notice and shall 
 include the name of the court or administrative agency of competent jurisdiction 
 which entered the child support order.

Clearly this provision is designed to 
 give the obligor notice of any action taken to perfect a lien or execute a 
 levy, and to provide an opportunity to be heard.  Here, the court provided that 
 notice and Hamlin was afforded an opportunity to be heard. Therefore, this argument 
 is without merit.
Finally, Hamlin argues the lack of proper notice 
 constituted a Due Process violation.  However, Hamlin provided no analysis or 
 authority for this argument.  Issues are deemed abandoned and thus not presented 
 for appellate review where they are argued using only short, conclusory statements, 
 without supporting authority.  Glasscock, Inc. v. United States Fid. & 
 Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001); see 
 also First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 
 514 (1994) (holding appellant was deemed to have abandoned issues on appeal, 
 where he failed to provide any argument or supporting authority); R & 
 G Constr., Inc. v. Lowcountry Regl Transp. Auth., 343 S.C. 424, 437, 540 
 S.E.2d 113, 120 (Ct. App. 2000) (holding where no authority is cited and argument 
 is brief and conclusory, issue is deemed abandoned).  Therefore, we deem this 
 issued abandoned.
 II.     Notice Under Family Court Rule 17(a) 
 
Hamlin next argues SCDSS failed to comply with Rule 17, SCRFC.  
 However, this rule is clearly inapplicable, as it deals with notice to a non-answering 
 defendant of the time and date of the hearing on the merits.  In any event, 
 as stated previously, Hamlin received notice and attended the hearing.  Therefore, 
 this issue is manifestly without merit.
III.     Jurisdiction
Hamlin couches his last argument 
 as jurisdictional, claiming the family court did not have jurisdiction to supercede 
 a prior court order directing a judgment without due process.  However, his 
 argument does not pertain to the stated exception.  Instead, Hamlin alludes 
 to the fact that the applicant was SCDSS as opposed to the individual obliges.  
 He then repeats his assertion that no timely notices were afforded him, thereby 
 violating Due Process.  Lastly, he argues the initial order seizing the funds 
 got the cart before the horse because no determination had been made that 
 he was the obligor and that the money seized was his.
We conclude Hamlin presents no discernable argument 
 and no authority for his position.  Issues are deemed abandoned and thus not 
 presented for appellate review where they are argued using only short, conclusory 
 statements, without supporting authority.  Glasscock, Inc. v. United States 
 Fid. & Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001); 
 see also First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 
 513, 514 (1994) (holding appellant was deemed to have abandoned issues on appeal, 
 where he failed to provide any argument or supporting authority); R & 
 G Constr., Inc. v. Lowcountry Regl Transp. Auth., 343 S.C. 424, 437, 540 
 S.E.2d 113, 120 (Ct. App. 2000) (holding where no authority is cited and argument 
 is brief and conclusory, issue is deemed abandoned).  Therefore, these issues 
 are deemed abandoned on appeal.  
CONCLUSION
For the foregoing reasons, the order 
 of the family court is
AFFIRMED. [1] 
GOOLSBY, HOWARD, and BEATTY, JJ., concurring.

 
 
 [1] Because oral argument would not aid the Court in resolving any issue 
 on appeal, we decide this case without oral argument pursuant to Rule 215 
 and 220(b)(2), SCACR.