THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Christopher Dale Stepp, Appellant.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2005-UP-606
Submitted November 1, 2005  Filed December 6, 2005   

AFFIRMED

 
 
 
 Jeffrey Falkner Wilkes, of Greenville, for Appellant
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, of Columbia, Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Christopher Stepp appeals his convictions for trafficking of methamphetamines, use of a firearm during a violent crime, and possession with intent to distribute marijuana.  Specifically, Stepp argues the trial court erred failing to suppress evidence obtained by police in the search incident to arrest.  We affirm pursuant to Rule 220, SCACR and the following authorities: ISSUES 1 and 2: State v. Wannamaker, 346 S.C. 495, 499, 552 S.E.2d 284, 286 (2001) (holding an in limine ruling is not final and does not preserve the issue for appellate review); State v. King, 349 S.C. 142, 149-50, 561 S.E.2d 640, 643-44 (Ct. App. 2002) (holding an in limine motion to suppress evidence must be renewed at the time the evidence is admitted into evidence); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694-95 (2003) (stating that in order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge).  ISSUE 3: First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating Appellant was deemed to have abandoned an issue for which he failed to provide any argument or supporting authority).
AFFIRMED.[1]
HEARN, C.J., HUFF and BEATTY, J.J. concur.

[1] We decide this case without oral arguments pursuant to Rule 215, SCACR.