THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Sharon Brown, Administratrix of the Estate of Ronnie Lee Brown, Appellant,
 v.
 Suzanne E. Coe, Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Memorandum Opinion No. 2007-MO-023   
Submitted March 21, 2007  Filed April 16, 2007

AFFIRMED

 
 
 
 J. Patricia Anderson, of Spartanburg, for Appellant
 Suzanne E. Coe, of Atlanta, Georgia, pro se.
 
 
 

PER CURIAM:  Affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issue 1:  Rule 201(b), SCACR (Only a party aggrieved by an order, judgment, sentence or decision may appeal.); Issues 2, 3, and 4: Summer v. Carpenter, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997) (To prevail in a legal malpractice claim, the plaintiff must show she most probably would have been successful in the underlying suit if the attorney had not committed the alleged malpractice.), Steinke v. S.C. Dept of Labor, Licensing & Regulation, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999) (In ruling on a motion for directed verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motion.  This Court will reverse the trial courts ruling on a motion for directed verdict where there is no evidence to support the trial courts ruling or where the ruling was controlled by an error of law.); Issue 5: Washington v. Whitaker, 317 S.C. 108, 114, 451 S.E.2d 894, 898 (1994) (To preserve an issue regarding the admissibility of evidence for appellate review, a contemporaneous objection must be made.); Issue 6: Hofer v. St. Clair, 298 S.C. 503, 513, 381 S.E.2d 736, 742 (1989) (The admission of evidence is within the sound discretion of the trial court, and absent a clear abuse of discretion, the trial courts ruling will not be disturbed on appeal.); Issue 7: First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (A party is deemed to have abandoned an issue where the party fails to cite authority or where the argument is simply a conclusory statement.).  
AFFIRMED.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.