Wachovia Bank, NA brought fourteen foreclosure actions against several
defendants, all having an interest in certain real property in ___________

THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 2005-CP-16-01144
 
 Wachovia Bank,
 NA as successor in interest to Wachovia Mortgage Company and First Federal
 Savings Bank, Respondent,
 
 
 

v.

 
 
 
 I. Fred
 Beckham, Donald Lewis Hofer a/k/a Donald L. Hofer a/k/a D.L. Hofer,
 individually, Falcon Unlimited, LP, Winn-Barr Homeowners Association, Inc.,
 Atlantic National Trust, LLC, Aurora Loan Services, Inc., Sunbelt Rentals,
 Inc., Nesbet Oil Company, First Select, Inc., General Electric Capital
 Corporation, Charlotte Mecklenburg Hospital Authority d/b/a Carolinas Medical
 Center, City Builders Service, Inc., Defendants,
 Of whom: Donald
 Lewis Hofer a/k/a Donald L. Hofer a/k/a D.L Hofer, individually and Falcon
 Unlimited, LP, are Appellants,
 
 
 

AND

 
 
 
 2005-CP-46-972,
 983, 984, 986, 989, 1013, 1045, 1068, 1094, 1121, 1122
 
 Ex Parte: Donald
 Lewis Hofer a/k/a Donald L. Hofer a/k/a D.L. Hofer, Appellant,
 In 
 Re: Wachovia Bank, NA as successor in interest to First Federal 
 Savings Bank, Respondent,
 
 
 

v.

 
 
 
 Falcon
 Unlimited, LP, Atlantic National Trust, LLC, Aurora Loan Services, Inc.,
 Winn-Bar Homeowners Association, Inc., Defendants,
 
 
 

AND

 
 
 
 2005-CP-46-973
 
 Ex Parte:
 Donald Lewis Hofer a/k/a Donald L. Hofer a/k/a D.L. Hofer, Appellant,
 In Re: Wachovia
 Bank, NA as successor in interest to First Federal Savings Bank, Respondent,
 
 
 

v.

 
 
 
 Falcon
 Unlimited, LP, Samuel B. Fewell, Jr., Atlantic National Trust, LLC, Aurora
 Loan Services, Inc., Winn-Bar Homeowners Association, Inc., Defendants,
 
 
 

AND

 
 
 
 2005-CP-46-1093
 
 Ex Parte:
 Donald Lewis Hofer a/k/a Donald L. Hofer a/k/a D.L. Hofer, Appellant,
 In Re: Wachovia
 Bank, NA as successor in interest to First Federal Savings Bank, Respondent,
 
 
 

v.

 
 
 
 Falcon
 Unlimited, LP, Atlantic National Trust, LLC, Aurora Loan Services, Inc.,
 Winn-Bar Homeowners Association, Inc., Cedar Villas Owners Association, Inc., Defendants.
 
 
 

Appeal From York County
Special Referee F. Craig Wilkerson
Unpublished Opinion No. 2008-UP-018
Submitted January 1, 2008  Filed January
 10, 2008    
DISMISSED

 
 
 
 Mark Weston Hardee, of Columbia, for Appellants.
 Weston Adams, III, of Columbia, for Respondent.
 
 
 

PER
 CURIUM: In this consolidated appeal
 of fourteen foreclosure actions, Donald Lewis Hofer (Hofer) and Falcon
 Unlimited, L.P. (Falcon) argue the special referee erred in dismissing Hofer from
 the proceedings.  We dismiss. [1]
FACTUAL / PROCEDURAL
 BACKGROUND
Hofer executed a note and mortgage to Wachovia Bank,
 NA (Wachovia), as successor in interest to First Federal Savings Bank.  The
 note and mortgage secured various properties in York County, South Carolina. 
 Hofer subsequently conveyed the properties to Falcon, the current owner of the
 properties.  In 1998, Wachovia initiated foreclosure proceedings against Hofer
 and Falcon (collectively Appellants).  Wachovia entered into a settlement
 agreement with Appellants in 2001. 
On April
 25, 2005, Wachovia brought the instant foreclosure actions.  Appellants answered,
 counterclaimed, and requested a jury trial.  Wachovia moved to dismiss Hofer
 from the case on the ground that he was not a required or necessary party.  By
 order dated January 25, 2006, the special referee dismissed Hofer from the
 proceedings.   Appellants appeal.
LAW / ANALYSIS
The sole
 issue set forth in Appellants brief states as follows:

 The
 special referees orders [sic] dismissing Donald Lewis Hofer from these series
 of foreclosure cases were in error since Donald Lewis Hofer had submitted
 answers with counterclaims and he had asserted his right to a jury trial.

The argument section of Appellants
 brief, however, nowhere addresses Hofers dismissal from the foreclosure
 proceedings.  We therefore decline to address this issue.  See First
 Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating
 an appellant must provide authority and supporting arguments for his issue to
 be considered on appeal); Ellie, Inc. v. Miccichi,  358 S.C. 78,
 99, 594 S.E.2d 485, 496 (Ct. App. 2004) (holding an issue is deemed
 abandoned where argued in only a short conclusory statement); Fields v.
 Fields, 342 S.C. 182, 191 n.8, 536 S.E.2d 684, 689 n.8 (Ct. App. 2000)
 (deeming an issue abandoned where the appellant included the issue in the
 statement of issues on appeal but failed to argue the issue in the body of the
 brief).[2]
Appellants argue in
 their brief the special referee erred in dismissing Appellants counterclaims. 
 This issue, however, is not set forth in the statement of issues on appeal; therefore,
 this issue is not preserved for our review.  See Rule 208(b)(1)(B),
 SCACR; Langehans v. Smith, 347 S.C. 348, 352, 554 S.E.2d 681, 683 (Ct.
 App. 2001) (stating the appellants brief must set forth an issue in the statement
 of issues on appeal to preserve the issue on appeal).   
DISMISSED.
HUFF AND PIEPER, JJ. and GOOLSBY, A.J., concur.  

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2] We note Hofers dismissal was without prejudice.  The
 order states Dismissal of Hofer from the case neither impedes foreclosure nor
 prejudices his ability to proceed in a separate action against the plaintiff
 for alleged personal claims.