**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**


Richard B. Funny, Appellant,

v.

Franklin Tucker and Jane Doe and John Doe, being fictitious names used to designate any and all heirs-at-law of Nancy Funny, Betty Free, Joseph Funny, Viola Funny, Freddie Brown, Mary Richardson, Willie Richardson, Sarah Washington, Viola Bromell, Willie B. Funny and Richard Allston, their devisees, distributes, legatees, or representatives of the said Nancy Funny, Betty Free, Joseph Funny, Viola Funny, Freddie Brown, Mary Richardson, Willie Richardson, Sarah Washington, Viola Bromell, Willie B. Funny and Richard Allston, including such of them that may be minors, incompetents or persons suffering under any legal disability, and any and all persons claiming any right, title and interest or lien upon the real estate described in the Complaint in this action, whether they are under legal disability or in the armed forces of the United States of America, Respondents.

Appellate Case No. 2011-184606


Appeal From Georgetown County
Joe M. Crosby, Master-In-Equity

Unpublished Opinion No. 2012-UP-368
Heard May 7, 2012 – Filed June 20, 2012

## AFFIRMED

Louis R. Morant, of Morant and Morant, LLC, of
Georgetown, for Appellant.

Charles T. Smith, of Grimes & Smith, of Georgetown,
for Respondents.

**PER CURIAM:** Richard B. Funny appeals the order of the Master-in-Equity refusing to quiet title to 3.5 acres (the Property) in Funny and denying Funny's request of an injunction against Franklin Tucker to prevent Tucker from entering the Property. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

We find the master did not err in holding Funny failed to establish the Property was the land conveyed to Nancy Funny in the 1910 deed. *See Hoogenboom v. City of Beaufort*, 315 S.C. 306, 313, 433 S.E.2d 875, 880 (Ct. App. 1992) (stating the burden of establishing title is on the party who brings a quiet title action); *id.* at 213, 433 S.E.2d at 881 ("In an action to quiet title, the plaintiff must recover on the strength of his own title, not on the alleged weakness of the defendant's title.").

As to Funny's title by adverse possession, we find he failed to address this issue in his brief and has therefore abandoned it on appeal. *See Jinks v. Richland Cnty.*, 355 S.C. 341, 344 n.2, 585 S.E.2d 281, 282 n.2 (2003) (finding an issue not argued in the brief is deemed abandoned and precludes consideration on appeal); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding that where an appellant fails to provide arguments or supporting authority for his assertion, he is deemed to have abandoned the issue).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] In light of our disposition herein, we decline to address Funny's remaining argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address all issues on appeal when the disposition of one issue is dispositive).