**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lynne Van House, Appellant,

v.

Colleton County, Respondent.

Appellate Case No. 2017-001017

———————

Appeal From Colleton County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-266
Submitted June 1, 2019 – Filed July 24, 2019

———————

**AFFIRMED**

———————

Lynne Van House, of Round O, pro se.

Sean Paul Thornton, of Bluffton, for Respondent.

———————

**PER CURIAM:** In this civil matter, Lynne Van House, pro se, appeals the circuit court's order affirming the magistrate court's ruling enforcing a settlement agreement between Van House and Colleton County (the County), which arose from the County's seizure of seventy-three animals from her property. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

1.  As to the circuit court's affirmance of the magistrate court's findings: *Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) ("The [c]ourt of [a]ppeals will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate's judgment was made upon the merits whe[n] the testimony is sufficient to sustain the magistrate's judgment and there are no facts that show the affirmance was influenced by an error of law." ); *id.* ("We therefore look to whether the [c]ircuit [c]ourt order is controlled by an error of law or is unsupported by the facts."); *Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000) ("Unless we find an error of law, we will affirm the [circuit court's] holding if there are any facts supporting [its] decision."); *Arnold v. Yarborough*, 281 S.C. 570, 572, 316 S.E.2d 416, 417 (Ct. App. 1984) ("Acts of an attorney are directly attributable to and binding upon the client."); *id.* ("Absent fraud or mistake, whe[n] attorneys of record for a party agree to settle a case, the party cannot later repudiate the settlement."); *id.* (affirming the circuit court's finding that a party was bound by the terms of a settlement his attorney agreed to when it was undisputed the party's attorney "was representing him and acting on his behalf when he agreed to the terms of the settlement").

2.  As to the circuit court's denial of Van House's motion to reverse all orders based on the magistrate court's failure to serve her with its return: S.C. Code Ann. § 18-7-60 (2014) (providing that upon appeal from a magistrate court ruling in a civil matter, the magistrate must "within thirty days after service of the notice of appeal, make a return to the appellate court of the testimony, proceedings[,] and judgment and file it in the [circuit court]"); Rule 18(b), SCRMC ("Upon motion for good cause shown, the [c]ircuit [c]ourt may allow a definite extension of time in which to file the return.").

3.  As to Van House's arguments concerning the County's failure to respond to her discovery requests: *State v. Porter*, 389 S.C. 27, 35, 698 S.E.2d 237, 241 (Ct. App. 2010) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *State v. Howard*, 384 S.C. 212, 218, 682 S.E.2d 42, 45 (Ct. App. 2009) (finding an issue abandoned when the appellant "failed to cite any authority in support of his assertion[s]"); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (deeming an issue abandoned when the appellant failed to provide arguments or supporting authority for his assertion).

**AFFIRMED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**