**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Caine Henry, Appellant,

v.

Medical University of South Carolina, Medical University of South Carolina Department of Public Safety, and Kevin Kerley, Respondents.

Appellate Case No. 2023-000227

———————

Appeal From Charleston County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-386
Submitted November 1, 2024 – Filed November 20, 2024

———————

**AFFIRMED**

———————

Caine Henry, of North Charleston, pro se.

Brian Edward Johnson, of Hood Law Firm, LLC, and Lisa Brennan Bisso, both of Charleston, for Respondents.

———————

**PER CURIAM:** Caine Henry appeals the circuit court's grant of summary judgment in his action for defamation, intentional infliction of emotional distress, civil conspiracy, and negligence against the Medical University of South Carolina, Medical University of South Carolina Department of Public Safety, and Kevin

Kerley (collectively, MUSC). On appeal, he argues the circuit court erred in granting MUSC's motion for summary judgment because (1) he did not have a full and fair opportunity to complete discovery, and (2) there were genuine issues of material fact. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in granting MUSC's motion for summary judgment despite Henry's motion to compel the South Carolina Law Enforcement Division (SLED) to provide information because Henry failed to demonstrate the likelihood that further discovery would uncover additional relevant evidence. *See Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (alteration in original) (quoting Rule 56(c), SCRCP)); *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP."); *id.* at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Kitchen Planners*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))). Henry asserts that MUSC participated in a phone call with SLED, which ultimately resulted in SLED requesting a welfare check with false assertions that he would shoot anyone on scene; however, Henry did not provide any indication that such a conversation occurred between SLED and MUSC and merely asserted it happened. To the contrary, the record reflects the SLED agent who ultimately requested the welfare check on Henry was included in each email Henry sent to MUSC, and nothing suggested MUSC conveyed any false information to SLED other than Henry's assertion. Accordingly, we hold Henry failed to demonstrate the likelihood that further discovery would uncover additional evidence. *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *id.* ("Nonetheless, the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))); *id.* at 70-71, 580 S.E.2d at 439 (holding the party "[is] not permitted simply to rest on the allegations in their complaint, especially where . . . the majority of the factual allegations are conclusory in nature").

2.  Initially, we hold Henry's arguments as to his claims for intentional infliction of emotional distress, civil conspiracy, and negligence are abandoned because Henry did not argue there were any genuine issues of material fact as to any cause of action except defamation.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding issues not argued in the brief are deemed abandoned and will not be considered on appeal).

Next, we hold the circuit court did not err in granting MUSC's motion for summary judgment on Henry's defamation claim because he failed to demonstrate there were any genuine issues of material fact.  *See Kitchen Planners*, 440 S.C. at 459, 892 S.E.2d at 299 ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (alteration in original) (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493, 567 S.E.2d at 860 ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP."); *id.* at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Kitchen Planners*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood*, 403 S.C. at 477, 744 S.E.2d at 166)).  Specifically, Henry failed to demonstrate MUSC made any false and defamatory statements about him or that any were published to a third party because the record indicated the welfare check at issue was requested by a SLED agent, not MUSC, and there was no evidence MUSC made any defamatory statements to SLED.  *See Murray v. Holnam, Inc.*, 344 S.C. 129, 139, 542 S.E.2d 743, 748 (Ct. App. 2001) (explaining the elements of defamation are: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.