# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Henry N. Portner, Respondent.

Appellate Case No. 2024-000699

---

Opinion No. 28269
Submitted February 27, 2025 – Filed March 19, 2025

---

## DISBARRED

---

Disciplinary Counsel William M. Blitch, Jr., and Deputy
Disciplinary Counsel Ericka M. Williams, both of
Columbia, for the Office of Disciplinary Counsel.

Henry N. Portner, of Rancho Mirage, CA, pro se.

---

**PER CURIAM:**   On December 21, 2023, the Supreme Court of Florida granted
Respondent's petition for disciplinary revocation without leave to seek
readmission, thus revoking Respondent's license to practice law in Florida and
terminating the disciplinary matters that were pending against him.[1]  Respondent
was placed on administrative suspension in South Carolina on March 15, 2024, for
nonpayment of annual license fees.

---

[1] These disciplinary matters involved practice-related allegations lodged by
Respondent's clients, a complaint regarding numerous lawsuits in which
Respondent represented consumers challenging timeshare purchases, and multiple
complaints regarding Respondent's failure to comply with the terms of several
injunctions.  These complaints were at various stages of investigation and
prosecution.  Rather than continuing to participate in the disciplinary process,
Respondent filed a petition for disciplinary revocation on August 31, 2023, seeking
to terminate his bar membership in Florida.

On April 30, 2024, the Office of Disciplinary Counsel (ODC) notified this Court of Respondent's permanent disciplinary revocation in Florida. This Court subsequently issued a notice to ODC and Respondent directing the parties to file within thirty days any exceptions to the imposition of identical discipline in South Carolina. Respondent timely filed a response, arguing that reciprocal discipline in South Carolina is unwarranted.[2]

Upon notice that another jurisdiction has disciplined a lawyer admitted to practice in South Carolina, Rule 29(b), RLDE, provides the lawyer and ODC have thirty days to submit any claims as to why the imposition of identical discipline in this state would be unwarranted and the reasons for that claim. Rule 29(d), RLDE, provides that upon the expiration of that thirty-day period, this Court "*shall impose the identical discipline*" unless certain conditions exist, including that "the misconduct established warrants substantially different discipline in this state." Rule 29(d)(4), RLDE (emphasis added). Additionally, this Court may decline to impose reciprocal discipline if it finds that "it appears clearly upon the face of the record from which the discipline is predicated" that the other jurisdiction's proceeding was "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." Rule 29(d)(1), RLDE. The burden is on the party seeking different discipline to demonstrate that the imposition of the same discipline is inappropriate. *In re Walters*, 400 S.C. 625, 629, 735 S.E.2d 635, 637 (2011) (citing Rule 29(d), RLDE).

In his response to the notice of discipline, Respondent argues in a conclusory fashion that the allegations in the Florida disciplinary proceedings were unfounded and that he was "strong-armed" into resigning his membership Florida Bar. Specifically, Respondent claims that there was essentially no viable alternative when faced with the threat of "unduly burdensome" disciplinary proceedings, as there is no option to resign from the Florida Bar if a lawyer has grievances pending against him at the time he wishes to resign. Respondent argues he was forced to make this choice at a particularly vulnerable time when he was suffering multiple serious, undisclosed health conditions and faced multiple surgeries. He also

---

[2] Respondent's disciplinary history includes two public reprimands in Florida—one in 2010 and one in 2013. Reciprocal discipline was not imposed in South Carolina because Respondent failed to comply with Rule 29(a), RLDE, and did not notify ODC within fifteen days of the imposition of discipline in another jurisdiction.

(incorrectly) claims he has already "retired" from the practice of law in South Carolina and, thus, reciprocal discipline would be merely punitive.[3]

Because Respondent presented no evidence that he was not afforded the requisite due process in Florida, we find Respondent failed to meet his burden of demonstrating that imposition of identical discipline in South Carolina is inappropriate. *See Selling v. Radford*, 243 U.S. 46, 50–51 (1917) (establishing that reciprocal attorney discipline is constitutional, so long as the original disciplinary proceedings afforded the lawyer due process and setting forth due process criteria that are mirrored in Rule 29, RLDE); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (establishing that assertions made without legal argument or supporting authority are insufficient to demonstrate error and will not be considered).

Turning to the question of what constitutes "identical discipline" in this matter, Rule 3-5.1(g) of the Florida Rules of Discipline defines a disciplinary revocation as follows:

> A disciplinary revocation is *tantamount to a disbarment*. A respondent may petition for disciplinary revocation in lieu of defending against allegations of disciplinary violations. If accepted by the Supreme Court of Florida, a disciplinary revocation terminates the respondent's status as a member of the bar. A former bar member whose disciplinary revocation has been accepted may only be admitted again upon full compliance with the rules and regulations governing admission to the bar. Like disbarment, disciplinary revocation terminates the respondent's license and privilege to practice law and requires readmission to practice under the Rules of the Supreme Court Relating to Admissions to the Bar. No application for readmission may be tendered until the later of 5 years after the date of the order of the Supreme Court of Florida granting the petition for disciplinary revocation, or another period of time in excess of 5 years contained in that order.

*Rule 3-5.1 - GENERALLY*, R. Regul. Fl. Bar 3-5.1 (emphasis added).

---

[3] A review of the Attorney Information System reveals that until his March 2024 administrative suspension, Respondent remained a regular member of the bar in good standing in South Carolina.

Based on the above definition and this Court's precedent, we find that the "identical discipline" in this matter is disbarment. *See In re Meehan*, 427 S.C. 446, 449, 832 S.E.2d 275, 276-77 (2019) (finding disbarment to be the appropriate disciplinary sanction for an attorney who had resigned in lieu of discipline in Texas, in part because a South Carolina resignation in lieu of discipline must be a voluntary action, which is inconsistent with this Court ordering an attorney to resign).[4]

Respondent is hereby disbarred from the practice of law in South Carolina. Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of this Court.

**DISBARRED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**

---

[4] The other basis for imposing disbarment in *Meehan*—namely, that the consequences of a resignation in lieu of discipline differed between Texas (non-permanent) and South Carolina (permanent)—is not implicated in the present matter, as the Florida order granting Respondent's disciplinary revocation explicitly provided that Respondent's revocation is permanent.